Our 3rd and final case this morning, 24 dash or 27 to. United States versus Crawford, Mr. Brignac welcome back. Good to see you. Thank you. Chief judge Diaz, um, may it please the court Eric Brignac for Jonathan Crawford. Offered, we start at joint appendix 46. this starts very briefly, like a very normal, typical sentencing. Does the defendant wish to be heard on these objections? No, your honor. Okay, does he withdraw them? Don't withdraw them. At that point, the point where we say, we don't need to be heard on them. We filed a pre trial, but pre sentencing motion saying we don't need to be heard. That's when he changes joint appendix. 46. He is angry that we persist in the objection uses the word persists. 5 times in 3 lines, and then in direct response to being told that it was just a 5th amendment. Preservation objection, join appendix 47. he calls it absolutely incredible. He doesn't quite say that. What he says is. It's an admission that I don't want used in state court. Which is, and it's with respect to that particular objection, the court overruled. The objection after the exchanges, making some. Uh, very negative comments that he persisted. But then when it came to sentencing, this was never raised again. And the sentencing was based on departure was based clearly on 5 K, 2. And 5 K, 6, 5 K, 1, 5 K, 2.6 and 5 K, 2.1. Court says that's the reason I'm departing upward and Your honor. So that's a page. It's all a page. It is and he does go into the departures. I just want to be clear though that when you were saying, we talk about the state admission. Are you making the argument the government made that we did not invoke the 5th amendment or well, the question is whether it is a number 1, a 5th amendment invocation. It is it is an admission that he, and I'm not sure what the admission is. Because he persisted in saying the testimony was unreliable. And so the question is, would he persist and say, and it's unreliable or would he say. I don't know whether it's unreliable that is that admission of of anything. It was an objection with respect to what a 2 point level. To level to level your honor and, you know, what. What he says, and with respect to the December comment made about. That the woman had been threatened, and he said she was unreliable. Yes, he did say that he persisted in that. He persisted in that objection, he did not need to be heard. He agreed to an upward departure or variance to 39 months. And it just what he says exactly your honor. Because I think this is 1 of those cases. It comes down to the fine grain. Quote, join appendix 46 for no other reason. Dot dot dot, we did not want to have it be viewed as an admission by the state court. I think that invoke. So, 5th amendment that we didn't want to have that is not clear, but I understand your point. It may be, but. And then I guess we get then to your honor, I think what is where you get to that? Mr. do you think that the district court. Could reasonably have been offended by the notion that a victim who had been abused. In the way that she had been shot in the arm, and I get it that I guess the defendant is entitled to stand on his rights. Why would it have been unreasonable for the district court to have taken offense at the notion that she was. Unreliable, and I think your honor, the district court. I think could have, but 1 question is, what did the district court do? He didn't say your poor victim you're calling her unreliable. You're calling her a liar. You shot her and you're calling her a liar. That would be 1 version of anger, which could have focused much more on the word that that your honors and certainly everyone who mooted me picked up on, which was calling her unreliable. But that's not what he said. We have to look at what he said. And he, he focused on the fact that you're persisting in the objection. This started. When he asked, we said, we don't need to be heard on the objection. Do you withdraw it, which, by the way, in district court doesn't happen a lot. A lot of times when you say, I don't need to be heard on that objection. Everyone understands what that means. The court says, okay, you don't need to be heard on it. I find the PSR reliable. It's overruled. Let's move on. But that's not what happened his last lines where this, this objection is clearly inappropriate. That's. Um, the word he is when he made the ruling, and then he moved on to other things. He actually called it joint appendix, 50 ridiculous and a waste of time. So, again, this wasn't just, you know, I don't see why you're making the objection. I mean, this, this drove him. So, and this gets right to your 2nd question. Judge, you're saying, well, look, he got him 60 months for reasons he gave on the record. So, even if we invoke the 5th amendment, and even if the 5th amendment. There's no valid reason, which I think is very strong. You can't punish for that. That's not what happened here. Again, all I can do is point to what the district court said, and it kept relying on things that the record just showed wasn't true. He made a specific point of calling of. Seeing it as a negative factor that we had 0 criminal hit. I'm sorry. 0 infractions in the Bureau of prisons. Over 77 months again, I've been doing this for a while. 0 is pretty rare. And we don't don't you think it might be a little unfair to make an argument that. To imply that he had 0 infractions when the court. Explicitly explained what his criticism of that was. He said he was now on a relief home detainment and he was given basically a weekend pass or 50. Whatever the hours was passed and during that pass while he's in the custody of the Bureau of prisons, he obtains a gun. Goes over and rifles through his girlfriend's materials. Looks and finds a little note that probably a call or something referring to a boyfriend, some jealousy. And then shoots her and she's pregnant at the time. Oh, he didn't know she's pregnant, but it's girlfriend. He shoots her. And the judge is just outraged by the fact that while he's in prison. He behaves and as soon as the Bureau of prisons retains custody of him and lets him go home. For home detention, and then gives him a free pass. He gets a gun and shoots his girlfriend. That's what it was offensive about it and the court says, I can't give credit. To good prison conduct when all he was doing was waiting out until he could get into society and again, most transcripts are dry. This 1's not your honor. The way he put it, he said we were. Not having infractions because we could not quote wait to get back on the crime train. That's joined appendix. 56. so if you're if you're right. About the fact that you may have been incorrect with respect to that. The way he characterized it, the district court, that's a sentencing argument that you wait, right? Because you. Plead guilty and agreement and the only issue that we need to consider that hasn't been waived is. The 5th amendment and I believe your honor, the government says, not sure you didn't waive that. The question is, you know, our cases say that you waive constitutional arguments. With some rare exceptions, and the only 1 we have articulated. Explicitly is race if we, if we send it somebody based on race. A waiver battle over waiver, and we have indicated that there are potentially others. But as a starting point, the waiver includes constitutional arguments, right? And I'll take these in seniority order. So I'll I'll answer your question. Are you saying that I'm older than just I would never I just look at who's in the middle. Your honor, I would say, well, I guess your point is, is this a substantive reasonableness argument in sheep's clothing? And the reason it's not is we're making and I, I want to get to judge Myers point. We're making a 5th amendment argument to win. I need to show not just that the judge was mad, but that the judge increased his punishment. At least in part, based on him raising his 5th amendment rights and to do that. I need to show that the reasons he gave, at least some of those, actually, a lot of those reasons are disingenuous. I kind of need to pull the disingenuous reasons off the sentence sentence. And then leave the sort of core of it there, which has to be the 5th amendment judge. I think what your question's getting to, you know, we have the. The case and the Carter case, which talk about. You know, do I need to show an exception to the appeal waiver that it's a. Firmly firmly established constitutional, right? Or does it just have constitutional implications? Into the case, which I think is the 1, the government. Relies on, you know, that involved a, it said, and the language was very clear. A constitutional right is not outside the appeal waiver. If it is quote, firmly established at the time of sentencing. Archie actually involved a post plea change in the law. So it's saying, look. What you agree to, you sign this waiver, you give up some rights. The government's giving concessions. What you agree to is at the time of your sentence. Sentencing your sentence doesn't violate. The Constitution, that's not the case here. These 5th amendment rights. Have been very firmly established. It was hard. To find some cases, because most of the time district judges, just like in a vindictive sentencing case. Don't give a sentence and raise their hand and say, oh, by the way, I'm doing this because you're exercising a constitutional, right? The only case I could find, and it's in our reply brief, it's the sephastine case. Out of the 9th circuit 1987, they are, the district judge was just really, really mad. At what he saw were drug traffickers coming in from Mexico and never being able to punish them for that. So, he expressly said, I'm punishing you for not naming who your drug supplier is and he said, the 9th circuit can do with this as it will. So it's a rare situation where the judge. Violated the 5th amendment on the face of the record, just to make a point. Why doesn't Jeffers decision in the United States versus Jeffers where we said that a sentencing court. Should not utilize the defendants invocation of the 5th amendment. As negative evidence to penalize them at sentencing. Yeah, well, that that could. Certainly there, too, I think this right is firmly established. I think it also implicates the Constitution. I think the core of judge Myers question is. Did we waive the right to bring this claim and I don't think any defendant can fairly wave his right. To say, look, yeah, I'm giving this up and I'm going to be sentenced. I didn't object at the time. 2 reasons your honor. You know, he invoked the right I would say the point where we said we have no, the only reason we're doing this is to preserve. I think the district judge was aware he couldn't do that. This wasn't some subtle, complicated argument we were making. And I think in terms of timing, your honor. You know, again, the judges we've read a lot of transcripts judges can be very angry. At the sentencing and district judges are allowed to be angry and. What they can't do is increase punishment for invalid reasons in this case, an unconstitutional reason. And when that happened at that point, the sentence was announced. And there are multiple cases we cite in our briefs talking about the fact that we don't need to then make a post sentencing objection. But even if your honors think we didn't object timely, it's still on plain error and then the error. It's plain again, this has been established in this court and others for a very long time. It affected his substantial rights, because if it didn't. We only win, I will acknowledge if that 60 month sentence appears to have been motivated in part by a 5th amendment violation. So, if that's true, it affects his substantial rights. And then I would say under the 4th, where's the burden of proof here is the burden of proof on. You to show the burden so eventually affected. I think it is certainly on plain error on plain error. It is definitely. On us, otherwise, I do think it's still my burden to show, even if, as I say, I think we, we preserved it and I think we didn't waive our right. You know, I think the answer is the best analogy comes from North Carolina, V. Pierce and. The follow up case, Powell V, Alabama. The follow up case is saying that, like, when you're making a vindictive sentencing claim. You have to show I have to look at the record and say, look, this sentence was motivated in part. Appears to be motivated in part by the defendant exercising his appellate rights. So I do think the burden is on me. To say this 60 month sentence was motivated in part by his invocation of the 5th amendment rights. How do I show that 2 ways, you know, how angry the judge was and how the judge told us it's that he persists in the objection. He persists. Well, that was early on. So when he got to the sentencing part, where they actually tick through the. 3553 factors and entered his findings on the departure. You can't tell from the record, but it seemed like he was objectively going through the record and highlighting the reasons why he thought. You're in contempt, we thought it would be me. So, anyway, so at that point, I mean, what's the evidence of. Being dictated this 1, he's pulling evidence from the record to support. His sentence, and I would say 2 things. I think some level of upward variance was appropriate. Well, yeah, they conceded that they can see. We conceded that, which, by the way. No, I have trial counsel here with me and he can, he can say, you know, it's not easy to get a defendant to say, here's your guidelines. And by the way, we're going to go in and argue for something more than that, because that's what you deserve. The government agreed to it. It's not anything the court was bound by, but that gives us a sense of maybe what that behavior, the behavior with the gun with the girlfriend, the. The incident there was worth, and then I look more at what he said, so there were some valid reasons. He gave those reasons. We, we kind of came into sentencing saying. Other than raising the 5th amendment to protect us in state court, we're okay with accepting punishment for that. It's what he said. That was wrong. Join appendix 56, he called his criminal history shocking. When it actually wasn't the high, most people in an escape charge have a higher criminal history. He said, your dad was career army. You didn't have an unstable. Yes. Your record started at age 17. it was continuous up to his age. 41. I mean, it was 1 crime after another. It's you're right. Your honor. I don't know, but the court listed every single 1 of them and he said that there was nothing redeeming in this criminal history. He relied on 3 things during for the departure and his sentence is explicit beginning at 68. He said, number 1, this man possessed a gun. When he was not entitled to possess a gun that in and of itself would have been a 15 year violation. In other words, a felon possessing a gun, and the court observed that. Yeah, he wasn't charged because they didn't have the gun and they couldn't trace it to interstate commerce. That was the big thing. 2nd thing is he use a gun and injured somebody. And the 3rd thing is his criminal record was consistently constant since age 17. And he listed every single 1 of those and he said, therefore the, so his 60 months. Is far less than the 15 year minimum he would have gotten. And he had the felon in possession of a gun and he was a felon and he was in possession of a gun. It's just that the government said they couldn't prove it. Because they didn't have the gun and I respond to those 3 points on her. Point 1, judge, I would actually say. The fact that the district judge is again, so angry, this all comes after we raise our preservation that he's talking to the prosecution and saying, I want to put on your hat. Like, why aren't you making this guy and a guy? I can't believe you're not doing that. That's. Pretty if I have to show that there's something more going on here, this isn't your mind run sentencing those kind of comments. I think actually cut in my favor. The 2nd point, your honor, the fact that he had a gun and he shot somebody. Yes, we're not denying that. That's why the 18 to 24 month sentence inappropriate. And the 3rd point, you know, he started it's more than that. The court observed that asked whether he had been charged for possession of a gun. Which would have been a 15 year violation and the government pointed out that they never recovered the gun. And the ammunition wouldn't be sufficient to show that it was in their state commerce. And that is the only reason that technicality, because it's clear he had a gun. And it's clear he was a felon and that the court. Gave a lot of weight to that. That was the 5 K2, right? Yeah. And the state, I will also note he had pending state charges. And finally, yes, he started his criminal history at 17. Um, you know, joint appendix, 1 to 14 dropped out in the 9th grade, following the death of his father started using drugs 2 years after that started his life of crime 3 years after that all of which is to say when the judge said. As you had a stable childhood, so I'm going to increase your sentence based in part on that when the record shows the exact opposite. I see. I'm significantly over time. Your honors. So. All right. Thank you. Miss Englander. Morning may please the court. My name is Kate Englander and I represent the United States. The defendant shot his pregnant girlfriend while he was in Bureau prisons custody. And threatened to shoot up her residence if she cooperated with police. The defendant argues that the district court punished him for objecting to those facts that sentencing and violation of his 5th amendment, right? But the record demonstrates that the defendant was punished for his conduct and his criminal history, not for making an objection. And I want to start with the 3 sort of, I think, main arguments that the defense. Argue shows that the defendant was punished for this conduct and I want to respond to each of those. 1st, they argue that the court's reaction was an indication, which was negative. The court's reaction was negative to the objection. And the persisting in it, the same under, I'm sorry to interrupt you, but before you get to that, do you. You can see that it's fairly established that a. Sentencing court can't punish someone for exercising his 5th amendment rights. No, your honor, at least not as it's not as it's constructed in this case. So I think that. There are, it is firmly, there are certain constitutional rights. Obviously at sentencing, you have a 5th amendment, right? But it's not absolute by the time of sentencing the. Courts have recognized that there are there are exceptions there that the right is more limited. The defendant is not insulated from all the hard choices that they would potentially have to make. At sentencing, and I think what this court has recognized are certain very limited exceptions to appeal waivers based on. Alleged constitutional violations, I don't think that the issue raised by the defense here. Um, is 1 of those firmly established constitutional rights and I'll give the court another example. Um, the Carter case, which I think both parties talked about in their brief. This court recognized that it was not firmly established that, um. The defendant's 5th amendments rates were violated by getting a harsher sentence for not identifying an accomplice. Um, and the court, this court said that that was not a firmly established constitutional, right? I think this court left open the question of whether it was. Um, a constitutionally permissible factor. Um, but I think on the, in this case, the merits, I think are more clear, frankly, than the waiver argument. Um, but I do think that we're, we're certainly not conceding that this wouldn't be encompassed by a defense appeal waiver. Looking to the merit that may be supported by the fact that he persisted in. In the substance of the reliability of the testimony, instead of saying that whatever I would say would incriminate me. It was basically persisting on unreliability testimony. And, uh, I think that's choice would be. For him to say, yes, I still, I still persist in that, which he did formally do. Or his other statement was, well, I didn't have much knowledge to make that statement, which is not. Would not be a clear 5th amendment problem. That's right. Your honor. And I think to give some context. To the, the way the objection sort of evolved, and I think it explains some of the court's reaction. The defendant 1st files an objection to the PSR, which he says, Mr. Crawford asserts that the statement provided by CG to authorities. Is unreliable the victim is unreliable then a few days before sentencing the defendant filed something where they did say. There are pending state charges, and we won't want to be heard further, but they still asserted at that point and not filing. This is that page 40, the joint appendix, the defense maintains his objection to the veracity of the information provided to authorities by CG. And when the court picked up and started to address the objection, that is how it framed it. So. At 47, the court says he contends that the information provided by CG. Quote, all information regarding the events that occurred on November 20th. Are unreliable, so I think the court was responding to the content. Of that objection, not just to the fact of it and. I want to make just a few points about the court's reaction to, I think. 1st, the defense concedes that the way the court reacted is not enough to prove a 5th amendment violation on its own. 2nd, I think it is important. That some of the comments that the court made. Is especially the, he persists that initial sort of reaction. Actually came before the defense asserted, like. Again, we don't want to be heard on this. They're pending state charges. So, at that point, I think the court still believes and I think still believed. Throughout the proceedings that it was dealing with a factual objection to. And then a factual objection to this court has said has to be resolved by the district court. And I also think, you know, look, looking at. Page 60 of the joint appendix, the court says, right? All right. And he shoots her, he shoots her, you know, I get the pending charges fine. But he shoots her, and I think all of that indicates again, that what the court is. Reacting to here is the allegation that the victim is. Is a liar, so I think that that deals a bit with the court's reaction. The 2nd thing I think the defense points to. In arguing that the. That the court was was actually punishing the defendant for making the objection. Is the court's lengthy explanation and overruling. The objection this court is. Has asked frankly, district courts to explain why they're overruling objection. Just because the district court didn't maybe it didn't have to maybe it did. But it certainly wasn't error for the district court to explain why. It believed that the objection should be overruled. So, if the district court based the sentence on 6 different factors, and 5 of them were perfectly. Constitutional, but the 6th, 1 was not 6. 1. let's just say was based. It was because he invoked his 5th amendment privilege with that. Would that be an unconstitutional sentence if you're saying. That the 6th factor was just the fact of the objection that the court was offended by the fact that the defendant was. Asserting his 5th amendment, right? Perhaps so, but. Not, I don't think it would be a violation if what the court was responding to was the content of the objection. In other words, that the defendant was calling the victim a liar. But again, there's no indication in this record that the court did either of those things. The indication in this record is that the court used, um. The upward departures and the 3553 factors. As the justification for its sentence, and in order to reverse here, this court would have to believe that. Essentially, that the district court was being dishonest about its reasons for the sentence and there's just. No reason to believe that and certainly not where we're on plane air that any error in that regard certainly isn't playing from this record. You think it matters in the way the district court described the defendant. And arriving at its sentence, I mean, it was pretty, pretty colorful, pretty stern. 1, man, crime way of a sociopath, no redeeming value. He's been lying in wait in the halfway house. I mean, there was utterly not 1 positive thing that the district court. Had to say about the defendant, and maybe there wasn't anything to say. But what about that sort of just really harsh tone? And is that. Is that even something that you can raise on appeal given the appeal waiver? So, no, it's not something that can raise on appeal given the waiver. Now, I, I suppose there could be circumstances where the district courts. Conduct was so out of line, this court could probably find a miscarriage of justice exception. I certainly don't think anything the district court here said. Would justify finding that that the arguments in that regard, I think, really go to substantive reasonableness, which is something that the defense waived. When it entered into the agreement, an argument that they can't make arguments. About sort of the, the way that the district court explained it sentence. Don't go to, or don't indicate in this case that he was being punished for violating rights. Which is what would this. It's what the defense would have to show here in order to show a violation. Well, Mr. Brignac argues that the, in fact, there were a couple of. Factual errors in the description of the court's analysis of the sentence. And I think he's arguing that, in fact, that the tone does matter because it shows an underlying. Malice or ill will, or the defendant, which he wants to trace back. To the earlier language about persisting in the objection. Right so, and I think again, I think this court would have to discount the district court stated explanation in order to find. That there was a 5th amendment violation, but just looking at their argument that the sentence wasn't justified by the 35 3 factors or wasn't justified. I mean, they agreed that a 39 month sentence was appropriate. The court went up to 60 months, 21 months over what they were asking for, but I think given. Given the nature of the conduct here and the criminal history. And the court's own explanation of that, which was internally consistent. That was an appropriate sentence. So, I mean, what the court said is. You know, the only reason that this wasn't a murder was basically that the defendant got lucky to meet in the court, you know, said. To the district court that justified a sentence at the very, very. Top, he said it was the rare case that justified a sentence of statutory maximum. But this was such a case, and he explained why. And again, I think that there, you know, the defendant might disagree with some of the court's explanation. And that was certainly something that they, if they hadn't been entered into a waiver, they could have raised here. But that doesn't go to show that there was a 5th amendment violation. Unless the court, this court just totally believes that the district court was being dishonest about its reasoning. And I don't think there's any indication. To that effect, and again, I would point to the fact that. I do believe we're on plain error here, and I'm happy to address why if the court's interested, but. Certainly, any error is not playing here where the district court is making. A very thorough explanation for why it believes that it's appropriate. I spent 3 and a half pages explaining it's ruling on the objection and none of it related to. Any suggestion there was a 5th amendment violation. Basically, the court went into the facts in detail hour by hour, what happened, what was said who shot who and so forth. And said, that's and said, uh, his statement, uh, is clearly. Incredible that's right and I think the court, um. You know, the court obviously takes its obligation seriously when it's. Presented with a factual discrepancy that it has to resolve its end things court. As told district courts, you have to resolve those factual disputes. And it appears that's exactly what the district court did. And I also want to point to the fact that I think. The defense in their brief makes a lot of the fact that the district court said, I overrule that and then spent a very long time explaining why. You know, law students are taught that you see your conclusion up front and then you explain. I think the fact that the court. Initially said, I'm overruling it and then provided the analysis is not an indication that. It was angry, or that the court was. Sort of reacting to the objection itself, as opposed to the content. Would you address the plain error issue? I think from a practical perspective, it would have been pretty difficult for Crawford's attorney who I understand is. Sitting here with us to raise an objection after sentencing, not only the issue raised of having. Not a lot of time, but essentially you would have been. Need to stand up in front of the district court judge, tell the judge that. You believe the judge just violate the Constitution and then have to assume appear before that judge. In the future, in many other cases, potentially compromising. The lawyer standing before that judge with. With other cases, I don't disagree that that could be difficult, but that is what the law and the rule requires and I will just point out the fact page 77 of the joint appendix, which is. The very end of the sentencing, the district court does ask. Defense counsel, if he has after pronouncing sentence, if there's anything additional, that would have been an opportunity. If defense counsel really believe that his client's 5th amendment right against self-incrimination had just been violated. That would have been the time to raise it and that's what the. Defense needed to do in order to preserve the objection and to have it on to know, as opposed to plain error review now. Under either standard, the government should. The government prevails here, because there was no error. The district court simply did not punish the defendant for making this objection. But I do think there are a few additional arguments that we make based on the fact that it's on plain error and I think that is appropriate. I just, I do want to respond briefly to the 2 cases that the defense sites. For why they don't believe plain error is appropriate here. The 1st is Rogers. That's a very different case where the error is not clear until the written judgment. Is issued here any error would have been clear at the time if the defense believed. But there was such an error that would have been clear during the sentencing. Nothing that happened after the sentencing. Would have made that more apparent, so that would be that 1 and then also Hogan Hernandez. The defendant does preserve a challenge to a higher sentence where they argue for a lower sentence. You know, that again is a case where the district court is on notice based on what the defense has asked for that they believe higher than that is substantively reasonable. And so I think those cases are are very different than what we have here. The defense did have an opportunity to object. They didn't do so, and that's why planar review is appropriate. But again, under either standard, there was no error. But if we look to the planar standard. Again, we would just have to assume that the court's explanation here in order for this court to reverse that the court's explanation for its sentence was entirely protectual. Or mostly protectual and not, um. I think the court deserves benefit of the doubt that its explanation was the real reason that it was doing. Presenting the sentence that it did, and furthermore, the defendant's substantial rights weren't implicated by any error. So, this court, the court said that this sentence was. The appropriate sentence for this defendant based on all the 3 factors. And so, again, I don't, I don't understand that argument because it seems to me if we find that the error was playing, we have found that. In fact, the defendant was punished or exercising its 5th amendment rights. So, how can we say that that wasn't a substantial injustice? I think your honor still the fact that the court is saying this is the appropriate sense. We've rejected that. We have said that. I think your best argument is that there's no error here at all. But if we get to those prongs, I just don't see how you. Well, I think certainly the plane is prong does make a difference in this case because. Again, 1st of all, I don't think that it's there are several things that are not playing here. It's not playing that the defendant invoked. It's not playing that the district court punished the defendant at all for any supposed 5th amendment invocation. Um, you know, and it's, it's not playing that the district court meeting that is. Explanation for the sentence was pretextual. So, again, I want to turn back to. The defendant's argument that the sentence was not justified by the 35th reactors. Again, the court went through all of this, but the defendant shot his pregnant girlfriend. At the 1st, taste of freedom, he conditioned taking her to the hospital. On her, um, her. Basically, her statement that she wouldn't go to the police. He threatened to shoot up her residence if she cooperated, he then absconded for months. And had to be tracked down by the marshals. He has a very extensive criminal record. You know, I think the defense says, basically, it's only a criminal has history category 5 out of 6. that's not shocking. I think the district court expressly disagreed with that. Um, it went through all of his criminal history, um. He just 71 to 72 of the, but I think that. It's also clear from the, he had an extensive record, not all of which was scored. But which was basically continuous from the time that he was 22. Up until the time that he is still in custody and committing another. So, based on all of that, I think the 5 year sentence, um, was certainly not. Unreasonable and was not out of line with. The court's own explanation, I see you have a little more time, but if there are no more questions from the court. Thank you very much. Thank you your honors. I want to respond to some of your. Questions I'll respond 1st, um, this Englander said, you know, that the Carter case. Helps them in Carter, the court actually, this court found. There was no 5th amendment invocation that nothing the defendant said, put the district court on notice. So it just didn't reach. I know, but that hurt you because the court cited cases where you have to specifically invoke the 5th amendment. Or waive it and I must say. An admission of fact that was referred to, he says, I don't want an admission. Or the state court is not. Necessarily an invocation of the 5th amendment. It could also just be an evidentiary question. That the pre sentence report. He, but he actually objected and said, it's unreliable and stayed on that. And then the court. Spent 3 and a half pages or whatever it is. It's quite a few pages going through why. That objection of reliability was ill founded. And none of that, the court didn't even hint at the fact. That there was a 5th amendment issue at all didn't even recognize the 5th amendment issue and I'm not sure. Based on that 1 sentence, there is 1, it's not clear to me. I must say. Okay, and obviously, if we, if we, if we didn't invoke it, then there is. Obviously, no, I did it, but we did your and I'm not telling you, you know, we won't look at this closely, but I, but I. Telling you the record shows the court was concerned with the reliability statement. The course spent then 3 and a half pages saying why. That was an improper position. The court was concerned that he persisted, persisted, persisted, persisted. Why are you doing this? We were doing it to protect ourselves from state court admission to answer your question judge burner. I think certainly if a judge relies on multiple valid factors, and 1 or more invalid factors, which is what we say happen here. That's an improper sentence. I mean, I think there's a lot of. You know, a lot can justify a sentence, but if a court, you know. He relies on some improper fact. I don't think this court's ever hesitated to say if we think that affected the sentence. Which is the question judge Diaz I agree. I don't think we can ignore this transcript transcripts again are normally pretty dry. This 1, I don't think we need to pretend that what happened here didn't happen here. I don't think we need to look at how incensed the district court was and not. Say, okay, there was something more going on here. This wasn't. A typical sentencing and also to get again, maybe to the. Manifest injustice point about the appeal waiver. This was a case where a defendant tried to preserve it. If the 5th amendment, right? Is unobtrusive as possible filing a motion before sentencing saying we don't need to be heard on it. Mentioning we don't need to be heard on it. Yes, of course. Sort of raises every time that argument is made, it raises the question of. He made an objection formal objections, the pre sentence report. And says the statement that his girlfriend made. That he was going to shoot up the house was unreliable. And then there's an objection. The objection is brought up. In court, and the guy says. He's persistent to the judge's surprise because they had so much evidence there about the circumstances, the details. And the lawyer says. I don't want to make an admission for state court. What is the admission that he's referring to? The admission your honor is the admission that he. Shot his girlfriend that he threatened to shoot up her place for which he was facing charges for which he had been. Indicted in state court, but he made the objection. Now, the question is, the judge wants to hear what's his position. Why. It's not a question of forcing him to say it. He already said it's unreliable. And the judge says, why is it unreliable? And he said, do you want to withdraw it? And he said, no, I want to preserve it. And he wants to preserve it, so as not to make an admission and that's the part I can't figure out. What's he preserving his testimony that it was unreliable. He wants to preserve that and that's all he said for state court. Now, he said, your honor out of out of an abundance of caution. And so I would say this wasn't. Hypothetical 1 day, someone somewhere may process. No, no, I want to. Understand what is the admission that he's trying to protect against what he did not want out of an abundance of caution in consultation with counsel. Was for the state prosecutor to be able to in state court, say in federal court at sentencing, he was accused of doing this and he did not object to it there. And that's all we just wanted to protect ourselves in state court is the 5th amendment gave us every right to do. Again, went over time for apologize out objecting to something is a 5th amendment violation. We, we weren't sure we certainly didn't want to have that question answered in the negative by the state. And that's probably good lawyering. But the real question then is what is where you're now elevating that good lawyering into a 5th amendment objection. And I don't, I haven't understood it since I read the brief and that's, you know, judge judge never could have certainly said. You're, you're raising this, so it's not an admission, but you're not admitting anything. You're just failing to object. We could have no, it's not failing to object. He did. I'm a spook. Yeah, but you're objecting just a minute. That's the point that the judge made. That he made an objection and the judge asked him about it, and he says, I don't want to say anything further than the judge says, are you withdrawing it? He says, no, I'm persisting on it. And then he says, I do not want to make an admission. For state court, and I never understood what the admission was because the judge was just asking him to respond to his objection. And all I can say is the admission I can tell you what's true. Maybe we were wrong by thinking it was this the admission you don't need to give us here. I'm sorry. The admission was the factual underpinnings of the interaction with his girlfriend. And I agree with judge Diaz. I just want to say that everything in this case, if this court agrees with us. I think everything sort of falls away plain error appeal waiver assignment to a different judge. If, you know, if judge, I think if the court takes a position that. There was no error, then no, I was just curious where the admission was, because at the 1 statement she made. Which was, he's going to, he said he was going to shoot up the house. And he reported that, and that was the basis for an objection of obstruction of justice. And you objected, or your client objected to the obstruction of justice on the ground that her statement was unreliable. So, the judge now ask you what is the basis for that? And you don't say anything further and you sell want to say any further because you want to make an admission, but I don't understand the admission. That's the point. And again, it obviously could have been. Phrase differently, but I do think the way we phrased it was enough to put the court and put the government everyone on notice. That both I joined appendix 40 and our motion and a joint appendix 4647. That what we were doing, what we were doing was preserving it. And by the way, if you look. The district court kept cutting him off, so I'm not exactly sure what else Mr would have said, but we were also. Somewhat with both hands behind our back once the persistent started. So. Again, over time, I very much appreciate it. We would ask this court to vacate and remand to a different judge with instructions not to use his objection against him. Thank you very much. Thank you. Mr. I want to thank both lawyers for their fine arguments here. Still morning, 5 minutes left and Mr. Claire, thank you for taking the court appointment. In the district court, we appreciate your service in this criminal case. And, uh, as always appreciate the fine advocacy of the government lawyers here, we'll come down and greet you. Then, uh, head back and conference the cases. And then we'll come back and meet with the students after we're done conferencing the cases. quote. I'll say the United States and the council reports. I.
judges: Albert Diaz, Paul V. Niemeyer, Nicole G. Berner